Jerome **SEATON** and Gladys Seaton,
Plaintiffs,

v.

**SKY REALTY COMPANY, INC.,** et al.,
Defendants.

**Civ. A. No. 70 C 972.**

United States District Court,
N. D. Illinois, E. D.

Jan. 25, 1972.

F. Willis Caruso and Ronald S. Samuels, Chicago, Ill., for plaintiffs.

Fisher & Miller, Chicago, Ill., for defendants Schmidt and Barotta.

Harold A. Liebenson, and John E. Harris, Chicago, Ill., for defendant Sky Realty Co. and Carr.

Art Potocki, pro se.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This is an action arising under Title 42 of the United States Code, Sections 1982 and 3604. The plaintiffs allege that the defendants violated the terms of Section 3604 by refusing to negotiate the sale or rental of a dwelling to the plaintiffs because of race.

Certain facts are not in dispute: The plaintiffs Jerome Seaton and Gladys Seaton are black residents of the Chicago Metropolitan Area. Sky Realty Company, Inc. is a corporation engaged in the real estate business in the Chicago Area. Jerry Carr is the manager of the defendant Sky Realty Company, Inc.'s office at 4701 North Milwaukee, Chicago, Illinois; and the defendant Art Potocki is a salesman employed by that company. The defendant Anna K. Schmidt is a joint tenant and occupied the premises located at 5035 Crystal Avenue, Chicago, Illinois. The co-owners (her sons) are not named as defendants nor did they participate in any of the actions that gave rise to this lawsuit. Mrs. Schmidt and her sons listed the premises with Sky Realty Company, Inc. on a 90-day exclusive sometime in the month of February, 1970; and pursuant to their contract to sell, Sky Realty advertised the property for sale in various news media through which the availability of the home came to the attention of the plaintiffs. On March 31, 1970, the plaintiff Gladys Seaton contacted Sky Realty where she spoke to Art Potocki, one of the defendants herein. He assured her that the home was available for purchase; and in that conversation and a subsequent one, an arrangement was made for the plaintiffs to see the home. The plaintiffs arrived at the offices of Sky Realty that evening and were informed that the property had been sold, although no contract of sale was demonstrated to them. In the ensuing conversation with the Defendant Potocki, the plaintiffs allege that he discouraged them from viewing any homes in the area of the property on Crystal Avenue.

The plaintiffs subsequently made a complaint to the Chicago Commission on Human Relations; and in early April, two members of that organization (Mr. William Hall and Miss Conroy) went to the offices of Sky Realty where the Defendants Carr and Potocki met with them and repeated the story that the property was not shown to the plaintiffs because it had been sold. After some doubt had been expressed by the investigators, a purported contract was shown to them. This "contract" had been signed by two individuals who did not appear to testify at the trial, nor was the contract itself ever introduced into evidence. It is undisputed that the contract was never complied with, and the property was subsequently sold for less than the alleged contract price; that no earnest money was deposited with the contract and that the existence of the contract was never communicated to any of the owners of the building. In addition the property was continued to be advertised by the defendants.

Subsequent to the Chicago Commission on Human Relations' investigation, the plaintiff Gladys Seaton made an additional attempt to visit the premises and was taken there, by agreement, by the defendant Art Potocki. The visit occurred at night and the premises were inadequately lighted. The Defendant Potocki gave the plaintiffs virtually no information and declined to show them the exterior of the premises. After further events had occurred, the plaintiff Gladys Seaton went to the premises thinking she had an appointment with the Defendant Potocki; and after waiting some period of time, she knocked at the door of the premises and was refused

admission by Mrs. Schmidt, who informed her that the property had been sold or was not for sale.

Subsequently a white investigator for the Leadership Council for Metropolitan Open Communities, John Woltjen, went to the premises and after inquiry was shown through the premises by the defendant Anna Schmidt and a boarder (also named as a defendant in this suit, but dismissed by the Court as a defendant at the conclusion of the plaintiffs' evidence). This investigator was informed that the property was for sale and at a figure considerably less than the alleged contract price as maintained by the defendants Carr and Potocki.*

It is also undisputed that plaintiffs had been investigating the possibility of home purchase for many months prior to the events in question and had been dealing primarily with another employee of Sky Realty, Inc., who testified on behalf of the defendants. He also testified that he had what is characterized as a "prospect sheet" furnished by the defendant Sky Realty Company, Inc., and that it was customarily kept by employees of that organization for purposes of maintaining potential customer lists. The customer list dated 6–25–69 listing the Seatons, also carried the notation C–o–l, which the witness H. M. Lewis stated meant "colored," and was maintained to establish "rapport."

Other prospect lists maintained by the defendant organization were also brought into court, although not introduced into evidence, and by the testimony of H. M. Lewis were demonstrated to carry various notations indicating the race or national origin of the prospective purchasers of property. The witness Lewis (in addition to the rapport above discussed) also indicated these designations were used by him for purposes of locating geographic areas of the city that the prospect might be interested in purchasing.

Ultimately, the plaintiffs filed the instant lawsuit and subsequent thereto were shown the premises which they proved to be not in conformance with the advertised appointments and were unsatisfactory to the plaintiffs. This visit by the plaintiffs to the premises, incidentally, was prompted by action of the federal district court on a motion for a preliminary injunction, although the injunction was not issued.

During the visit of the white investigator (John Woltjen), Mrs. Schmidt stated that she would "rather go to jail than sell to colored."

■ Taken in its entirety, the plaintiffs have amply demonstrated through the evidence and the circumstances involved that Sky Realty Company, Inc., the defendant Jerry Carr, the defendant Art Potocki are systematically engaged in violation of both Sections 1982 and 3604, particularly as they relate to these plaintiffs. The Court has no doubt that the defendant Anna K. Schmidt also violated these sections by her acts and conversations with the various witnesses for the plaintiffs.

There remains then only the question of the relief sought by the plaintiffs. Plaintiffs initially asked for injunctive relief which is no longer appropriate, since they request only that the defendants be enjoined from refusing to open negotiations on the "said home" to plaintiffs. The home has been shown to the plaintiffs and they have rejected it. Further, the plaintiffs request that this Court enjoin Sky Realty Company from refusing to open negotiations or from showing any other home in the area to the plaintiffs. Plaintiffs have indicated no desire to seek out other property since they already purchased a home and presently are residing in Oak Park, Illinois.

■ The plaintiffs also ask for the granting of actual damages. Although the record is sparse as to the actual damages suffered, testimony was introduced that the plaintiff Jerome Seaton suffered great embarrassment because of the action of the defendants during his attempt with his wife to visit the property at 5035 Crystal Avenue, Chicago, Illinois, and further, the plaintiffs were forced, by

virtue of the wrongful actions of the various defendants, to make several trips to and from the home site and the offices of the defendant Sky Realty Co. The Court therefore concludes that actual damages have been adequately shown and they are therefore assessed in the amount of $500.00. Judgment in favor of the plaintiffs and against all of the defendants remaining in the suit is therefore entered in the amount of $500.00.

 The complaint also asks for appropriate exemplary or punitive damages to be assessed against the various defendants. The defendant Anna K. Schmidt is a woman of 78 years, apparently incapacitated and residing in Florida. The Court can see no purpose to be served by assessing punitive damages against Anna K. Schmidt and none therefore are assessed against her.

As to the defendants Sky Realty, Inc. and the defendants Art Potocki and Jerry Carr, both agents of the defendant Sky Realty Company, ample cause exists for the granting of punitive damages against them. Accordingly, the Court orders that judgment in the amount of $1,000.00 be entered in favor of the plaintiffs and against the defendant Sky Realty Co., Inc. for punitive damages in this cause. The Court further orders that judgment in the amount of $1,000.00 be entered against defendant Art Potocki, in favor of the plaintiffs for punitive damages in this cause. The Court further orders that judgment in the amount of $1,000.00 be entered against the defendant Jerry Carr, in favor of the plaintiffs for punitive damages in this cause.

So there will be no mistake, the punitive damages assessed against each of the three defendants are not joint and several liabilities but individual liabilities and individual judgments. The actual damages of $500.00 represents a joint and several judgment against Sky Realty Co., Inc., defendant Art Potocki and defendant Jerry Carr and defendant Anna K. Schmidt.

The plaintiffs are further awarded reasonable costs of these proceedings.

No evidence having been introduced as to the necessity for, or the amount of, attorneys fees, none will be assessed at this time.